IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DONALD J. STUART,** | CASE NO. 1:22 CV 782 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | |
| **MENTOR POLICE DEPT., et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Donald J. Stuart filed this civil rights action against the Mentor Police Department, Mentor Police Chief Kevin Knight, and unidentified Mentor Police Officers and Detectives. Plaintiff objects to the manner in which he was treated prior to and immediately after his arrest on rape charges. He asserts claims for violation of his right to due process, failure to read him his Miranda rights, and police brutality, along with numerous state law claims. He seeks $ 80,000,000.00 in damages.

### BACKGROUND

Plaintiff alleges that in early June 2013, his teenage daughter did not return home from school as expected. Plaintiff contends school officials denied knowledge of her location., although they were aware that she had gone to the police department. He indicates he went to the police station to complete a missing person report while his wife drove around the neighborhood looking for their daughter. Plaintiff claims police did not inform him immediately that his daughter was at the station or that she had reported that he had engaged in sexual conduct with her. He contends

that after he completed the report, officers detained him for questioning. He alleges the officers would not let him use the restroom or obtain food or water for a period of eight to nine hours. He claims the officers acted in this way in the hope of getting him to confess. He was arrested on June 12, 2013, on rape and kidnaping charges.

Plaintiff contends the officers then took him to Lake West Hospital for the purpose of obtaining blood, saliva and semen samples. Plaintiff states the officers pushed his head and neck into the door jamb of the police car when placing him in the vehicle for transport to the hospital. He claims the collection of samples was accomplished without a warrant and without his consent. Plaintiff claims the officers denied him due process, failed to read him is Miranda rights, and committed police brutality. He also asserts numerous state law claims.

Plaintiff was bound over to the Lake County Court of Common Pleas in June 2013. The grand jury returned an indictment in November 2013 on charges of rape, kidnaping, and sexual battery. He was convicted by a jury on November 13, 2018. The trial court sentenced Plaintiff to an aggregate total of sixteen years in prison. The Ohio Eleventh District Court of Appeals affirmed his conviction in June 2020.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

As an initial matter, Plaintiff cannot bring claims against the Mentor Police Department and individuals identified only as police officers and detectives. The Mentor Police Department is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). As a consequence, Plaintiff's claims against the Mentor Police Department fail as a matter of law.

To the extent the claims can be construed against the City of Mentor, Plaintiff fails to state a claim for relief. Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). Instead, it is when execution of a government's policy or custom inflicts the injury that the government as an entity can be held responsible under § 1983. *Id*. at 694. A municipality can therefore be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff does not allege facts suggesting a custom or policy of the City of Mentor that resulted in the deprivation of his federally protected rights.

Furthermore, Plaintiff cannot bring civil rights claims against individuals identified only as "officers" or "detectives." Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Using the blanket description of "officers" and "detectives" does not sufficiently identify the individuals who participated in the events and may encompass individuals who had nothing to do with Plaintiff's questioning or arrest.

Although the Police Chief is an individual against whom claims can be asserted in a civil rights action, Plaintiff has not alleged facts suggesting he personally participated in the actions described in the Complaint. Plaintiff cannot hold him liable for the actions of Officers under his supervision under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691.

Moreover, even if Plaintiff had named a Defendant against whom this action could proceed, he cannot assert claims in a civil rights action that collaterally attack or undermine his conviction. In order to recover damages for alleged harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff first must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff directly challenges his interrogation by police and the collection of his DNA for use in his prosecution for rape. He claims that collection was a warrantless search that violated his Fourth and Fourteenth Amendment rights. If those claims were found to have merit, it would call the validity of his conviction into question. He therefore cannot bring these claims unless his conviction was set aside by the Ohio Appellate Courts or by the issuance of a writ of habeas corpus. His conviction was upheld by the Eleventh District Court of Appeals and Plaintiff gives no indication that this federal court granted a writ of habeas corpus. He cannot bring these claims in a civil rights action.

Plaintiff also states, without any explanation, that he is asserting claims under 42 U.S.C.

§§ 1981 (racial discrimination in making and enforcing contracts), 1984 (omitted), 1985 (conspiracy to commit racial discrimination), 1986 (providing damages for violation of § 1985), 1988 (allowing for attorney fees), 1989 (appointment of magistrate judges), and 2000-B-1 (unable to locate this statute). Plaintiff has not asserted any facts that plausibly suggest he may have a cause of action based on any of these statutes.

Finally, the statute of limitations for bringing claims pertaining to his incident expired. Ohio's two-year statute of limitations for bodily injury suits applies to claims asserted under 42 U.S.C. §1983. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Plaintiff was arrested in June 2013. The statute of limitations for these claims has long expired.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 26, 2022

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE